UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARK LAW GROUP, PLLC, et al., | CASE NO. C22-0504JLR |
| Plaintiffs, | SHOW CAUSE ORDER |
| v. | |
| ARCH INSURANCE COMPANY, | |
| Defendant. | |

Before the court are Plaintiffs Ark Law Group, PLLC ("Ark") and Nadia Kourehdar's (collectively, "Plaintiffs") complaint (Compl. (Dkt. # 1-2)) and Defendant Arch Insurance Company's ("Arch") notice of removal (Notice (Dkt. # 1)).  Having reviewed the complaint and the notice of removal, the court finds that Arch has failed to allege an adequate basis for subject matter jurisdiction.  The court therefore orders Arch, within seven (7) days of the date of this order, to serve and file a submission that includes information sufficient to establish the court's jurisdiction.

//

SHOW CAUSE ORDER - 1

Arch asserts that the court's jurisdiction is based on diversity of citizenship. (Notice at 2.) For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company ("LLC"). *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 101(f) ("If the removal is based on diversity, the notice of removal must also, to the extent possible, identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC), a limited liability partnership (LLP), or a partnership, identify the citizenship of the owners/partners/members of those entities to establish the court's jurisdiction."). Arch is a citizen of Missouri and New Jersey because it is a Missouri corporation and maintains its principal place of business in Jersey City, New Jersey. (Notice at 2.) Arch also points out that Plaintiffs have alleged that Ms. Kourehdar is a citizen and resident of Washington and that Ark, a professional limited liability company, is a citizen and resident of Washington. (*Id.* (citing Compl. ¶¶ 3.1-3.2).) Yet, Arch fails to identify the citizenship of any of the members of Ark. (*See generally id.*) Absent such information, the court cannot determine if Arch has properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

---

[1] The court notes that if any member of Ark is itself a limited liability company, Arch must provide information about the citizenship of the members of those limited liability companies as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

Accordingly, the court ORDERS Arch to show cause why this case should not be remanded for lack of federal subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) ("If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" (quoting 28 U.S.C. § 1447(c))). If Arch fails to provide the court with the information described above within seven (7) days of the date of this order, the court will remand this case.

Dated this 18th day of April, 2022.

JAMES L. ROBART
United States District Judge