UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARK LAW GROUP, et al.,<br><br>                      Plaintiffs,<br><br>     v.<br><br>ARCH INSURANCE COMPANY,<br><br>                      Defendant. | CASE NO. C22-0504JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Defendant Arch Insurance Company's ("Arch") motion for relief under Federal Rule of Civil Procedure 56(d), in which it asks the court to stay the deadline to respond to Plaintiffs Ark Law Group ("Ark") and Nadia Kourehdar's (collectively, "Plaintiffs") motion for partial summary judgment. (Mot. (Dkt. # 31); Reply (Dkt. # 39); *see also* MSJ (Dkt. # 27).) Plaintiffs oppose Arch's motion for relief under Rule 56(d). (Resp. (Dkt. # 34); Surreply (Dkt. # 43).) The court has considered the submissions of the parties, the relevant portions of the record, and the applicable law.

ORDER - 1

Being fully advised,[1] the court GRANTS Arch's motion for Rule 56(d) relief and DENIES Plaintiffs' motion for partial summary judgment without prejudice.

## II.   BACKGROUND

This case involves a malpractice insurance coverage dispute between Plaintiffs and Arch.[2]  (*See generally* Compl. (Dkt. # 1-2).)  On February 21, 2018, Arch issued Ark a "Lawyers Professional Liability Policy" (the "Policy"), Policy Number 11LPL12622301.  (*See* 7/7/22 Ries Decl. (Dkt. # 16) ¶ 2, Ex. 1 ("Policy").)  The Policy contains a coverage section and insuring agreement related to "Legal Services," with a limit of liability totaling $1,000,000 per claim and a deductible totaling $15,000 per claim.  (Policy at Ark_CF_000814.)  The "Legal Services" section of the Policy provides coverage for a "Claim . . . based on an alleged negligent act, error or omission in the Insured's rendering or failing to render Legal Services for others."[3]  (*Id.* at Ark_CF_000819.)

In the summer of 2018, Plaintiffs fired one of their employees, Nathan Clark. After his termination, Mr. Clark filed both a bar complaint against Ms. Kourehdar with the Washington State Bar Association (the "Bar Complaint") and a lawsuit against

---

[1] The parties do not request oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument is not necessary to dispose of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] While Ark has since dissolved, Ms. Kourehdar appears to have been Ark's managing attorney and only member/owner at all times relevant to this case.  (*See* OSC Resp. (Dkt. # 7) at 4-6; 4/21/22 Ries Decl. (Dkt. # 8) ¶¶ 10-15, Exs. 8-13.)

[3] The Policy also contains a "Disciplinary Proceedings" section, which states, in relevant part, that Arch "will reimburse the Insured for defense costs incurred by the Insured to defend Disciplinary Proceedings."  (*See* Policy at Ark_CF_000820; *see also id.* at Ark_CF_000814.)

1  Plaintiffs in King County Superior Court (the "Underlying Action").  (*See* Compl.
2  ¶¶ 5.3-5.4.)  The Bar Complaint alleged, among other things, that Ms. Kourehdar
3  negligently handled Ark's clients.  (*Id.*; *see* 4/21/22 Ries Decl., Ex. 13 (Stipulation to
4  Reprimand filed by the Disciplinary Board of the Washington State Bar Association).)
5  And while the Underlying Action sought damages for discrimination, retaliation,
6  wrongful termination, and emotional distress arising out of discrimination, the fact
7  section of Mr. Clark's complaint also included allegations regarding Plaintiffs' negligent
8  handling of Ark's clients.  (Compl. ¶¶ 5.3-5.4; *see* 7/7/22 Ries Decl. ¶ 4, Ex. 3 ("Clark
9  Complaint") (filed July 18, 2018).)

10        Plaintiffs forwarded the complaint in the Underlying Action and Bar Complaint to
11  Arch and requested coverage for both claims under the Policy.  (*See* 7/7/22 Ries Decl.
12  ¶ 3, Ex. 2 (August 8, 2018 email); Compl. ¶¶ 5.5-5.6.)  Arch accepted coverage for
13  defense against the Bar Complaint up to the policy limit but denied coverage for the
14  Underlying Action on the basis that it was not covered by the Policy.  (*See* 2/2/23
15  Verfurth Decl. (Dkt. # 33) ¶¶ 2-3, Exs. 1 ("Underlying Action Coverage Letter"), 2 ("Bar
16  Complaint Coverage Letter").)  Specifically, Arch took the position that the allegations
17  and requested damages in the Underlying Action were for wrongful termination and not
18  legal malpractice such that coverage was not available under the "Legal Services"
19  coverage section of the Policy.  (*See* Underlying Action Coverage Letter at 3.)

20        Plaintiffs reached a settlement agreement with Mr. Clark in July 2019, and the
21  Underlying Action was subsequently dismissed.  (Compl. ¶¶ 5.13.)  Almost two and a
22  half years later, in February 2022, Plaintiffs filed a complaint against Arch with the

ORDER - 3

Washington State Office of the Insurance Commissioner for violations of the Insurance Fair Conduct Act ("IFCA") with respect to Arch's handling of the Underlying Action claim. (*See id.* ¶ 5.18; 7/18/22 Gebril Decl. (Dkt. # 18) ¶ 8, Ex. 7 ("IFCA Complaint").) Arch responded by maintaining its original denial of coverage as to the Underlying Action. (*See* Compl. ¶¶ 5.19-5.20; 7/18/22 Gebril Decl. ¶ 9, Ex. 8 ("Arch IFCA Resp. Letter") at 1-2.) Plaintiffs then filed this lawsuit against Arch in King County Superior Court on March 11, 2022, asserting claims for: (1) breach of contract; (2) violations of the Washington Consumer Protection Act ("WCPA"), RCW 19.86 *et seq.*; (3) bad faith; and (4) violations of the IFCA.[4] (*See* Compl. at 5-8.)

Arch removed the case to this court on April 15, 2022. (*See* NOR (Dkt. # 1).) On May 27, 2022, the court entered a scheduling order in this matter, setting trial for January 22, 2024, the deadline for discovery on September 25, 2023, and the deadline for dispositive motions on October 24, 2023. (Sched. Order (Dkt. # 14).) Arch initially served Plaintiffs with its first set of Interrogatories and Requests for Production ("RFP") and its first set of Requests for Admission ("RFA") on October 3, 2022. (*See generally* 2/2/23 Verfurth Decl. ¶¶ 7-12, 16, 18, Exs. 6-11, 15, 17.) Arch served its first set of discovery requests via email (*id.* ¶ 9, Ex. 8), allegedly per the parties' "mutual pattern of practice" (Mot. at 3, 10 (citing 2/2/23 Verfurth Decl. ¶ 20, Ex. 19); Reply at 6 n.1 (citing 2/15/23 Verfurth Decl. (Dkt. # 41) ¶¶ 9-11, Exs. 3-5)), and Plaintiffs confirmed receipt of

---

[4] Arch's handling of the Bar Complaint does not form the basis of this action because Arch did provide a defense to that complaint, up to the Policy limits. (*See* Arch IFCA Resp. Letter at 2; *see generally* Compl.)

the discovery requests without any objection as to the method of service (2/2/23 Verfurth Decl., Ex. 8). On January 3, 2023, when Arch reached out to Plaintiffs regarding their failure to timely respond to the discovery requests, Plaintiffs raised, for the first time, an objection that email service was improper. (*See id.* ¶¶ 7, 10, Exs. 6, 9.) While disagreeing with Plaintiffs regarding whether service by email was proper, Arch formally served the requests on Plaintiffs again via a process server on January 11, 2023.[5] (Mot. at 4 (citing 2/2/23 Verfurth Decl. ¶ 11, Ex. 10).) Plaintiffs responded to Arch's RFAs on January 17, 2023, and Arch received Plaintiffs' responses to its Interrogatories and RFPs on February 8, 2023. (*See generally* 2/2/23 Verfurth Decl. ¶¶ 7-12, 17, Exs. 6-11, 16; 2/15/23 Verfurth Decl. ¶ 7, Ex. 1.) However, Arch claims that Plaintiffs' February 8, 2023 discovery responses are incomplete. (Reply at 3 (citing 2/15/23 Verfurth Decl., Ex. 1 at 7, 11-12)).)

As to deposition discovery, in early January 2023, Arch noted Ms. Kourehdar and Ark's then-CEO Ross Kilburn's depositions for February 8 and 9, respectively, but the parties agreed to postpone the depositions to March 8 and 9 to ensure that Arch would receive Plaintiffs' written discovery before the depositions. (*See* 2/2/23 Verfurth Decl. ¶¶ 14-15, Exs. 13-14.) Additionally, in December 2022, Arch contacted Michael Griffin, Plaintiffs' counsel in the Underlying Action, to schedule his deposition. (2/2/23 Ries Decl. (Dkt. # 32) ¶ 2.) And on January 19, 2023, Arch contacted Kristi Pimpleton, Mr. Clark's counsel in the Underlying Action, to schedule her deposition or obtain a

---

[5] To the extent the parties have a discovery dispute relating to the manner in which Arch served its first set of discovery requests, such a dispute is not currently before the court.

declaration in lieu of a deposition and to determine if she still represented Mr. Clark and could work with Arch to obtain a similar deposition or declaration from him. (*See* 2/2/23 Verfurth Decl. ¶ 21, Ex. 20.)

On January 26, 2023, Plaintiffs filed a motion for partial summary judgment on their breach of contract and bad faith claims. (*See* MSJ at 21.) Plaintiffs also ask the court to strike five of Arch's related affirmative defenses. (*See id.* at 2, 9-10.) Arch filed the instant motion seeking relief under Rule 56(d) a week later. (*See* Mot.)

### III.   ANALYSIS

The court sets forth the relevant legal standard for motions made under Rule 56(d) and then turns to consider whether Arch should be afforded additional time to conduct discovery before opposing Plaintiffs' partial summary judgment motion.

**A.   Legal Standard**

Under Federal Rule of Civil Procedure 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) motion, the party opposing summary judgment "must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).

1  Moreover, unless the party requesting a continuance "has not diligently pursued

2  discovery of the evidence," their request "should be granted almost as a matter of

3  course." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort*

4  *Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).

5  **B.   Arch's Rule 56(d) Motion**

6  Arch asks the court to stay the deadline to oppose Plaintiffs' motion for partial

7  summary judgment for two reasons. First, Arch states that it needs additional time for

8  discovery given Plaintiffs' "belated[]" and "incomplete" responses to Arch's first set of

9  Interrogatories and RFPs. (*See* Reply at 2-3 (discussing the relevancy of such discovery

10 and Arch's efforts to obtain it); Mot. at 2, 3-4, 6-10 (same); *see also* 2/15/23 Verfurth

11 Decl. ¶¶ 2-6 (listing the information Arch seeks to discover, why Arch believes such

12 information exists, and why such information is relevant).) Second, Arch states that it

13 needs additional time to depose the following: Ms. Kourehdar, whose deposition is noted

14 for March 8, 2023; Ark's then-CEO Mr. Kilburn, whose deposition is noted for March 9,

15 2023; Nathan Clark, plaintiff in the Underlying Action; Ms. Pimpleton, Mr. Clark's

16 attorney in the Underlying Action; and Mr. Griffin, Plaintiffs' attorney in the Underlying

17 Action. (*See* Mot. at 1, 4, 7-9, 11 (discussing the relevancy of these depositions and

18 Arch's efforts to schedule them); *see also* 2/15/23 Verfurth Decl. ¶¶ 2-4 (same); 2/15/23

19 Ries Decl. (Dkt. # 40) ¶ 2 (same).) In opposition, Plaintiffs argue that Rule 56(d) relief is

20 not warranted because the discovery Arch claims to need is not essential to its summary

21 judgment defense. (*See* Resp. at 8-13.)

22 //

ORDER - 7

Arch has satisfied the demands of Rule 56(d). *See Emps. Teamsters*, 353 F.3d at 1129. First, Arch's Rule 56(d) motion, filed one week after Plaintiff's motion for partial summary judgment and well before the September 25, 2023 discovery cutoff, is timely. (*See generally* Dkt.; Sched. Order); *see, e.g.*, *Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014) (finding Rule 56(d) request timely where it was filed seven months before discovery cutoff); *Volvo Const. Equip. N. Am., LLC v. Clyde/W., Inc.*, C14-0534JLR, 2014 WL 5365454 at *4 (W.D. Wash. Oct. 20, 2014) (finding Rule 56(d) motion timely when brought within one week of motion for summary judgment and months before close of discovery).

Second, the information Arch seeks is sufficiently identified, plainly relevant to Arch's opposition to Plaintiffs' breach of contract and bad faith claims, and likely to be obtained from Arch's discovery targets. (*See, e.g.*, 2/15/23 Verfurth Decl. ¶¶ 2-5; 2/15/23 Ries Decl. ¶ 2; Reply at 1-5; Mot. at 6-10); *see Emps. Teamsters*, 353 F.3d at 1129. Whether Arch unreasonably investigated Plaintiffs' claim and denied Plaintiffs a defense in breach of its duty as an insurer is central to the claims and affirmative defenses on which Plaintiffs seek partial summary judgment. (*See generally* Compl. ¶¶ 6.1-6.5, 8.1 8.11; Am. Answer (Dkt. # 26) at 10-13); *see, e.g.*, *Kirk v. Mt. Airy Ins. Co.*, 951 P.2d 1124, 1126 (Wash. 1998) ("In order to establish bad faith, an insured is required to show the breach was unreasonable, frivolous, or unfounded."); *Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 792 P.2d 520, 528 (Wash. 1990) ("What is determinative is the reasonableness of the insurer's action in light of all the facts and circumstances of the case."). As such, Arch's ability to oppose those claims will be enhanced if it is able to

obtain and review Plaintiffs' answers to its outstanding discovery requests and then depose the above-mentioned individuals.

The court also notes that Plaintiffs filed their motion for partial summary judgment early in this case. (*See generally* MSJ.) Discovery does not close until September 25, 2023, the dispositive motions deadline is not until October 24, 2023, and trial is set for January 22, 2024. (*See* Sched. Order.) Because this litigation is in its early stages, Arch has "not had the opportunity to discover information that is essential to [its] opposition." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986) (interpreting Rule 56(d)'s predecessor rule to require additional discovery in such circumstances); *see also, e.g.*, *Atigeo*, 2014 WL 1494062, at *4 (granting Rule 56(d) motion and stating that Rule 56(d) required additional discovery where summary judgment motion was filed nearly nine months before discovery was set to close).

Because Arch made a timely motion for relief under Rule 56(d) that identifies with sufficient specificity relevant information it seeks additional time to pursue and because this litigation is in its early stages and Arch has not been unduly dilatory in its efforts to obtain discovery in this matter,[6] the court concludes that relief under Rule 56(d) is warranted. *See Emps. Teamsters*, 353 F.3d at 1129; *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 773-74; *Anderson*, 477 U.S. at 250 n.5. Moreover, given the scope of the additional discovery to be completed, the court concludes that denial—as opposed to

---

[6] (*See, e.g.*, Mot. at 3-4, 9-11 (discussing Arch's discovery efforts); Reply at 2-3, 5-6 (same); 2/2/23 Verfurth Decl., Exs. 4-17, 20 (providing evidence regarding the same); 2/2/23 Ries Decl. ¶ 2 (same); 2/15/23 Ries Decl. ¶ 2, Ex. 1 (same); 2/15/23 Verfurth Decl. ¶¶ 5-8, Exs. 1-2 (same).)

deferral—of Plaintiffs' motion for partial summary judgment is the appropriate and most efficient remedy. *See* Fed. R. Civ. P. 56(d)(1).  The court GRANTS Arch 60 days from the date of this order to obtain the written and deposition discovery identified above and ORDERS the parties to cooperate in completing such discovery.  After the 60-day period elapses, Plaintiffs may again move for summary judgment.[7]

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Arch's motion for relief under Rule 56(d) (Dkt. # 31) and DENIES Plaintiffs' motion for partial summary judgment (Dkt. # 27) without prejudice.  The court GRANTS Arch 60 days from the date of this order to obtain the written and deposition discovery referenced herein.  After the 60-day period elapses, Plaintiffs may again move for summary judgment.

Dated this 21st day of February, 2023.

JAMES L. ROBART
United States District Judge

---

[7] The parties are encouraged to maintain open lines of communication regarding the potential for cross-motions practice and, if such cross-motions seem likely, to consider proceeding in the manner outlined in the court's local rules by stipulating to a cross-motions briefing schedule.  *See* Local Rules W.D. Wash. LCR 7(k).